U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 SEP -1 P 2:09

CLERK

BY ______
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 5:21-cr-76-1 |
| | ) | |
| MICHAEL GONZALEZ, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**(Doc. 118)**

Defendant Michael A. Gonzalez is serving a four-year sentence on five counts of Possession, Sale, and/or Disposal of Stolen Motor Vehicles, in violation of 18 U.S.C. § 2313. (Doc. 85.) His conviction follows a guilty plea. (Doc. 68.) His estimated release date is October 11, 2026. He was also sentenced to three years of supervised release, concurrent as to each count. (Doc. 85.)

Mr. Gonzalez filed a direct appeal of his conviction which he subsequently moved to dismiss. (Doc. 95.)

On July 10, 2024, Mr. Gonzales filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 91.) The motion was referred to U.S. Magistrate Judge Kevin Doyle for Report and Recommendation. (Doc. 92.) On November 17, 2025, Judge Doyle issued a detailed Report and Recommendation. (Doc. 118.) He recommended denial of the motion, including the motion for sentence reduction, and denial of the motion to appoint counsel (Doc. 106), request for evidentiary hearing (Doc. 107), and motion for evidentiary hearing to authenticate Exhibit 1 (Doc. 114).

Mr. Gonzalez filed an appeal of the Report and Recommendation to the U.S. Court of Appeals for the Second Circuit. (Doc. 119.) The Second Circuit dismissed the appeal because there was no final order from the district court. The mandate issued on July 8, 2026. (Doc. 121.)

Rule 8(b) of the Rules Governing Section 2255 Cases in the United States District Courts allows 14 days for the filing of objections to a Report and Recommendation. Local Rule 72(c) requires service of an objection on all parties and upon the magistrate judge.

Because the time to file an objection has now passed, the court adopts the Report and Recommendation in full. *See United States v. Shores*, No. 17-cr-00083, 2024 WL 489313, at *10 (D. Vt. Feb. 8, 2024) (when no party has filed an objection, the court may adopt a report and recommendation "as long as no clear error is apparent from the face of the record" (quoting *Green v. Dep't of Educ. of City of N.Y.*, No. 18 Civ. 10817, 2020 WL 5814187, at *2 (S.D.N.Y. Sept. 30, 2020))). The Report and Recommendation identifies two issues raised by Mr. Gonzalez: a motion for sentence reduction due to the retroactive amendment of Chapter 4 of the Sentencing Guidelines (Amendment 821) and a claim of ineffective assistance of counsel.

The Report and Recommendation proposed denying the motion to reduce sentence because the reduction of one criminal history point did not change Mr. Gonzalez's criminal history category of V. The court agrees with this analysis. Mr. Gonzalez received a sentence of 48 months, slightly below the guideline range of 51 – 63 months. Adjusting the criminal history score by one point within the criminal history category of V would have no effect on the § 3553(a) issues addressed by the court at sentencing.

The Report and Recommendation also proposed denying the claim of ineffective assistance of counsel on several grounds. The claim of ineffective appellate assistance was belied by his attorney's actions in filing a brief before Mr. Gonzalez voluntarily withdrew his

appeal. The court also agrees with the recommendation that the claim of ineffective assistance of counsel be denied on the basis of the attorney's account of sharing and discussing a report from a representative of the victim Tesla, no showing of prejudice, and no evidence of an objectively unreasonable action by the attorney. The court accepts similar recommendations that complaints about counsel's decision not to call a witness from the Vermont Department of Motor Vehicles at sentencing as well as the attorney's preparedness for trial and alleged admissions were insufficient to demonstrate ineffective assistance of counsel. The court agrees that Mr. Gonzalez has failed to establish a basis for conducting an evidentiary hearing. The court concurs with the recommendation that both the § 2255 motion and the motion for sentence reduction be denied.

## Conclusion

The court follows the Report and Recommendation in denying the motion to vacate, set aside or correct sentence (Doc. 91) as well as the related motions for appointment of counsel and for an evidentiary hearing (Docs. 106, 107, and 114). The court also denies Mr. Gonzalez's motion for court recommendation to participate in Strafford County DOC's Therapeutic Community because the court has no jurisdiction over the Bureau of Prison's program decision-making. (Doc. 122.)

The court declines to issue a certificate of appealability because Mr. Gonzalez has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

Dated at Burlington, in the District of Vermont, this 1st day of September, 2026.

Geoffrey W. Crawford, Judge
United States District Court